Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5533 | **DATE** | 7/20/2001 |
| **CASE TITLE** | Louis D. Montgomery vs. Michelle Taylor et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: Defendant Village of Oak Lawn's motion for summary judgment is granted. The motion to dimiss [7-2] was converted to a motion for summary judgment. Montgomery's complaint is barred by res judicata. Moreover, because Michelle Taylor and the Men's Wearhouse were also covered by the state dismissal order, we sua sponte dismiss this case against all defendants. This case is terminated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 2 3 2001 | |
| | Notified counsel by telephone. | date docketed | 19 |
| ✓ | Docketing to mail notices. | CM docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING 01 JUL 20 PM 3:36 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS D. MONTGOMERY, | ) |
| Plaintiff, | ) |
| v. | ) No. 00 C 5533 |
| MICHELLE TAYLOR, MEN'S WEARHOUSE, OAK LAWN POLICE DEPARTMENT, | ) Wayne R. Andersen ) District Court Judge |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Motion for Summary Judgment brought by defendant Village of Oak Lawn. For the following reasons, defendant's motion is granted.

## BACKGROUND

Louis D. Montgomery appears pro se. He has filed a lengthy hand written complaint, which after extensive study is still difficult to decipher. Montgomery's first set of allegations involve Men's Wearhouse. He alleges that employees of Men's Wearhouse's are members of a conspiracy which engages in racketeering, profiteering, prostitution, and theft. He also alleges that corporate staff and attorneys are involved in the conspiracy.

In his second set of allegations, Montgomery names the Oak Lawn Police Department. He alleges that individual officers aided in a theft, colluded with the Men's Wearhouse to falsely arrest him, misrepresented facts for his allegedly false arrest, filed unsubstantiated charges against him, were guilty of "dereliction of duty", and engaged in a racketeering conspiracy.

The complaint is presented in narrative form. Montgomery alleges that in July of 1999, he was called to visit Men's Wearhouse in order to make a presentation on a "chiorpratic machine"[sic]. While at Men's Wearhouse he met Michelle Taylor. Montgomery refers to her as Michelle Blackstone and Michelle Taylor alternately throughout his pleadings. Taylor began calling him on a daily basis "soliciting an involvement". In August, Taylor gave Montgomery a set of her keys and asked him to move in with her. While living with Taylor, Montgomery's car was stolen. He alleges that Taylor had duplicated his car keys in order to steal his car. In September, Taylor demanded that Montgomery move out of the apartment. Montgomery alleges that Taylor kept several thousand dollars worth of furniture and a patent design draft print.

After Montgomery moved out of the apartment, he attempted to contact Taylor at the Men's Wearhouse. He alleged that she changed her home phone number and work was his only means of contacting her in order to request the return of his furniture. Montgomery seems to be alleging that he was arrested on September 21 and 22, 1999, for phone harassment by the Oak Lawn Police Department on the basis of a false report submitted by an employee of the Men's Wearhouse.

Finally, Montgomery alleges that his car was stolen due to a conspiracy between Calumet City and Taylor. He alleges that Taylor's children were threatened by Calumet City employees, in order to ensure her cooperation. Montgomery alleges that the goal of the conspiracy was akin to corporate theft because he believes that his car was stolen so that others could recover the paperwork inside detailing a machine for which he was seeking a patent.

On January 20, 2000, Montgomery filed suit, in the Circuit Court of Cook County,

against the Men's Wearhouse, Michelle Taylor and the Oak Lawn Police Department. He filed a "Second Amended Complaint" in that case on April 17, 2000. On June 15, 2000, Montgomery signed an order that stated that he agreed to "dismiss all defendants, M. Taylor, Men's Wearhouse, and the Oak Lawn Police Department with prejudice". In the order, Montgomery affirmed that "the court having explained the term "with prejudice" and the Plaintiff understanding that a dismissal "with prejudice" means that the plaintiff may <u>NEVER</u> bring a lawsuit against the defendant again for this cause of action, the Plaintiff hereby agrees to DISMISS all Defendants, M. Taylor, Men's Wearhous [sic] and the Oak Lawn Police Department with prejudice and without costs." (Emphasis in original).

Defendant Village of Oak Lawn filed a Motion to dismiss based on res judicata, immunity and improper service. Because Oak Lawn included the Circuit Court order as an exhibit, we decided to address this motion as a motion for summary judgment and we converted it to a motion for summary judgment on April 25, 2001. We invited the plaintiff to submit additional evidence and offered the Village the opportunity to respond. The Village sent plaintiff a copy of the notice to a pro se litigant opposing a motion for summary judgment. Neither plaintiff nor defendant has submitted any additional evidence or argument.

## DISCUSSION

Summary judgment is appropriate when the pleadings and supplemental material present no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986). To survive a defendant's motion for summary judgment, a plaintiff must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at

trial. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-86 (1986). Because this case comes to us on defendants' motions for summary judgment, "[t]he evidence of [respondents] is to be believed, and all justifiable inferences are to be drawn in [their] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Defendant argues that *res judicata* bars plaintiff from bringing this suit in Federal Court. We agree. Because an Illinois state court rendered the order, we must apply Illinois law. Long v. Shorebank Dev. Corp., 182 F.3d 548, 560 (7th Cir. 1999). In Illinois, *res judicata* bars a later suit between parties involving the same cause of action and includes "what was actually decided in the first action, as well as those matters that could have been decided in that suit. River Park, Inc. v. City of Highland Park, 184 Ill.2d 290, 302 (1998). Three requirements must be satisfied: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of causes of action, and (3) there is an identity of parties or there privies. Id.

The state court entered judgment. In the order, plaintiff signed a portion of the order which stated that "the Plaintiff [understood] that a dismissal "with prejudice" means that the plaintiff may never bring a lawsuit against the defendant again for this cause of action." After a careful review of his original Complaint and the three Second Amended Complaints filed before the Circuit Court of Cook County, it is clear that plaintiff alleged the identical causes of action that he has alleged before this court. Before the Circuit Court, Montgomery named the Oak Lawn Police Department, The Men's Wearhouse and Michelle Taylor. Therefore, all three conditions are satisfied. There was a final ruling on the merits in the state court, involving the same cause of action and the same parties. Plaintiff even signed an order

4

confirming that he knew that he could never again bring suit against these parties. Therefore, we grant defendant's motion and grant judgment in favor of defendants based on the doctrine of res judicata.

## CONCLUSION

Defendant Village of Oak Lawn's Motion for Summary Judgment is granted. Montgomery's Complaint is barred by *res judicata*. Moreover, because Michelle Taylor and the Men's Wearhouse were also covered by the state dismissal order, we *sua sponte* dismiss this case against all defendants. This case is terminated.

It is so ordered.

                                                                   _____
                                                                   Wayne R. Andersen
                                                                   United States District Judge

Dated: July 19, 2001

5